UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VIJAY S. BHANDARI, *Individually and as Executor
of the Estate of Trinidad Garcia-Bhandari*,

        Plaintiff,

   v.

AVENTIS, S.A., USIPHAR S.A.R.L.,
AVENTIS PHARMA, S.A., AVENTIS PHARMA HOLDING GMBH
AVENTIS PHARMA AG, AVENTIS PHARMA DEUTSCHLAND GMBH,
AVENTIS AND JOHN DOE,

        Defendants.

**DECISION AND ORDER**

03-CV-55S

## I.  INTRODUCTION AND BACKGROUND

This case was removed from state court on January 23, 2003.  Plaintiff Vijay S. Bhandari is suing Defendants on his own behalf and as executor of his deceased wife's estate.  Plaintiff filed two actions (see also 03-CV-12[1]) alleging negligence, strict products liability, breach of warranty, fraudulent misrepresentation, and fraudulent concealment relating to the manufacture, marketing, and sale of the drug Avara.  Plaintiff alleges that his deceased wife, Trinidad Garcia-Bhandari, was prescribed and began taking Avara in August 2002, which caused severe, irreversible liver damage leading to her death in November 2000.

Defendants in this action are Aventis ( the manufacturer of Avara), and its foreign

---

[1]  This case shall be referred to in this opinion as the companion case.

affiliates.[2]  Presently before this Court is Defendants' Motion for Summary Judgment and

to Dismiss under FED. R. CIV. P. 56 and FED. R. CIV. P. 41.  (Docket Nos. 15).[3]

This case was reassigned to the undersigned on October 17, 2007, after Judge

Elfvin elected to take inactive status.  On December 17, 2007, this Court directed Plaintiff

to file and serve responses to Defendants' Motion by January 4, 2008.  This Order advised

Plaintiff that failure to file and serve such responses as directed may result in dismissal of

the case, either pursuant to Rule 7.1(e) of the Local Rules of Civil Procedure for the United

States District Court for the Western District of New York, or under FED. R. CIV. P. 41(b),

for failure to prosecute.  (Docket No. 16).  Plaintiff failed to comply with this Order.  To

date, no response to the pending motion has been filed.

## II.  DISCUSSION

FED. R. CIV. P. 41(b), provides that dismissal is warranted:

> [f]or failure of the plaintiff to prosecute or to comply with these
> rules or any order of court, a defendant may move for
> dismissal of an action or of any claim against the defendant.
> Unless the court in its order for dismissal otherwise specifies,
> a dismissal under this subdivision and any dismissal not
> provided for in this rule, other than a dismissal for lack of
> jurisdiction, for improper venue, or for failure to join a party
> under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Although Rule 41(b) does not define failure to prosecute, the Second Circuit has

---

[2]  The defendants in the companion case are treating physicians, Aventis, and its domestic affiliates, which include manufacturing, marketing and distributing entities.

[3]  In support of their motion, Defendants filed a Notice of Motion, Attorney Affidavit, and Statement of Undisputed Material Facts Pursuant to Local Rule 56.1.  They have also incorporated by reference the supporting papers for the Motion to Dismiss filed in the companion case.

stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

The following factors, none of which are individually determinative, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004).  In the present case, these factors weigh in favor of dismissal.

### 1.    Duration of Failures

The relevant inquiry on this factor is twofold: (a) whether the plaintiff is at fault for failing to prosecute, and (b) whether the plaintiff's failures were of significant duration.  See Norden Sys., 375 F.3d at 255.  Here, Plaintiff is solely at fault for failing to prosecute this

case.  He did not pursue any meaningful discovery and failed to comply with a Court order

to file a response to Defendants' motions.[4]  Further, with respect to duration, Plaintiff's

inaction in this case has caused an unnecessary delay of more than two years.  This is a

failure of significant duration, warranting dismissal.  *See* Antonios A. Alevizopoulos &

Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2

(S.D.N.Y. 2000) (finding that delay of four months warranted dismissal).

In particular, the undisputed evidence submitted by the Defendants establishes that

the extended discovery period reflected in the March 7, 2005 Scheduling Order was

granted by Judge Elfvin at the urging of Plaintiff's counsel.  Since then, however, Plaintiff

has taken no steps to prosecute either this case or the companion case.  He has served

no discovery requests upon Defendants, made no motions, and has failed to designate any

experts within the two-plus years allowed by the Scheduling Order.  In fact, Defendants

have had no communication from Plaintiff regarding any aspect of this case since the

Scheduling Order was issued. (See Docket No. 15, pp. 8 - 10).

Thus, this Court finds that this factor weighs in favor of dismissal — all delay is

attributable to Plaintiff, and is of significant duration.

## 2.    Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that his case

could be dismissed due to inaction.  *See* Martens v. Thomann, 273 F.3d 159, 180-81 (2d

Cir. 2001).   This Court finds that Plaintiff had adequate notice.   Plaintiff has been

represented by counsel throughout these proceedings, who presumably is aware of the

---

[4]  The Court also notes that Plaintiff has failed to comply with *two* similar Court orders in the companion case.

consequences for failure to engage in any discovery, respond to discovery requests or comply with court orders.  Further, Plaintiff was warned by this Court that his failure to respond to the instant motions, and to the court's order, could result in dismissal of his case.  This factor, therefore, also weighs in favor of dismissal.  *See* Lyell Theatre, 682 F.2d at 42-43 (dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3.    Prejudice to Defendants

This factor requires an inquiry into whether the defendants have been prejudiced by the plaintiff's inaction.  "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater."  Lyell Theatre, 682 F.2d at 43 (citations omitted).  In the present case, prejudice can be presumed because the delay of over two years is significant and Plaintiff has provided no excuse therefore.

Further, in Lyell Theatre, the court presumed prejudice where, on numerous occasions, the plaintiff failed to file documents as directed by the court.  Id. at 39-40, 43.  The plaintiff in Lyell Theatre ignored two court orders to file responses to the defendants' motions, even after the latter of the two orders warned that the case could be dismissed should he not respond.  Id. at 39.  Between the present case and its companion case, Plaintiff has ignored three such orders, two of which warned of dismissal.  Thus, this factor weighs in favor of dismissal.

### 4.    Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar

congestion and the plaintiff's right to present his or her case. *See* Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused Judge Elfvin and this Court to prepare and file several orders, and to unnecessarily set an extended discovery period. This expenditure of judicial resources is wasteful. But standing alone, this Court cannot conclude that this effect on docket congestion has been significant. It is noted, however, these cases have been pending on the docket for more than five years, and Plaintiff has made no discernable effort to move forward within approximately the past three years. Therefore, the overall circumstances clearly weigh in favor of dismissal with respect to this factor as well.

This Court also notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the orders of this Court each of these related cases. Plaintiff's failure to litigate this matter is entirely of his own making, and thus not a denial of Due Process. *See* Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5.    Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser

sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See* Norden Sys., 375 F.3d at 257.   Upon a review of the record herein, it is this Court's opinion that Plaintiff has no intention of complying with its Orders or properly litigating either of these cases.   Plaintiff has ignored discovery requests and demands by the Defendants, served no discovery upon the Defendants, and failed to respond to motions as directed by the Court on several occasions.[5]   Given the history of both of these cases, this Court finds that any sanction short of dismissal would be ineffective.  *See* Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders).   Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under FED. R. CIV. P. 41(b) for Plaintiff's failure to prosecute.   In light of this, a determination of whether dismissal is warranted pursuant FED. R. CIV. P. 56 is unnecessary.

### III. CONCLUSION

This Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect.   Plaintiff has failed to diligently prosecute this action, and has failed to comply with orders of the Court.   As such, because each of the factors relevant to the FED. R. CIV. P. 41(b) analysis favor dismissal, this Court will dismiss

---

[5]   The only response Plaintiff filed was in an effort to avoid sanctions in the companion case.  That response completely ignored the motion to dismiss for failure to prosecute, filed that same day.  The response did not indicate that Plaintiff had any intention to pursue the case, or why he had not done so to date.

this case with prejudice.

## IV.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion for Summary Judgment (Docket No. 15) is GRANTED to the extent it seeks dismissal for failure to prosecute.

FURTHER, that this case is dismissed with prejudice pursuant to FED. R. CIV. P. 41(b).

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:         February 1, 2008
               Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
